IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KAVOURAS, *et al.*, | ) | CASE NO.: 1:08 CV 571 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INS. CO., *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint.  (ECF # 28.)  For the reasons set forth below, Defendants' Motion to Dismiss is DENIED IN PART and GRANTED IN PART.

## I. BACKGROUND[1]

This class action lawsuit was brought by named Plaintiffs John Kavouras and Katherine Kavouras, against Defendants Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Indemnity Company and Allstate Fire and Casualty Insurance Company (collectively "Defendants ") on behalf of themselves and all others similarly situated. (ECF # 19.)  The Complaint alleges that Defendants failed to provide Plaintiffs with contractual expense reimbursements due to them under Defendants' Motor Vehicle insurance policies.  (*Id.* at ¶ 1.)

More specifically, Plaintiffs allege that, when they are sued as a result of defined Liability Coverage claims, Defendants have a contractual duty to pay all covered damages for

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Complaint and should not be construed as findings of this Court.  In analyzing a Motion to Dismiss, the Court is obligated, for the purposes of that Motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiffs.

which the insureds become legally responsible, defense costs, as well as "Additional Payments."

(*Id.* at ¶ 2.) Plaintiffs claim that these Additional Payments include loss of wages and salary.

(*Id.* at ¶ 3.)

Plaintiffs assert that:

> Although Defendants are well aware that their insureds are required to cooperate in the defense of every claim and suit, payment has not been made to the defined Class member insureds who have lost wages or salary as a result of having to attend hearings, trials and other such proceedings. As a result of this practice, the Defendants have avoided paying many thousands of insureds up to the designated amount of reimbursement per day for loss of wages or salary as required by the Additional Payments provision of the same or substantially similar policies issued by the insurers.

(*Id.*) Plaintiffs likewise allege that Defendants have systematically and uniformly failed to compensate them for travel-related expenses and postage, also in direct violation of the policy terms. (*Id.* at ¶ 6.)

Based upon these allegations, Plaintiffs attempt to set forth four causes of action. (*Id.* at 16-20.) In Count I, Plaintiffs allege breach of contract, claiming that Defendants materially breached the terms of their standard policy contracts by failing to reimburse them as promised pursuant to the Additional Payments provisions. (*Id.* at ¶¶ 39-44.) In Count II, Plaintiffs attempt to set forth a claim of bad faith and breach of the covenant of good faith and fair dealing. (*Id.* at ¶¶ 45-52.) In Count III, Plaintiffs allege unjust enrichment/quantum meruit. (*Id.* at ¶¶ 53-60.) Finally, in Count IV, Plaintiffs attempt to set forth a claim for declaratory relief. (*Id.* at ¶¶ 61-64.)

On August 8, 2008, Defendants filed the instant Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. (ECF # 28.) On September 8, 2008, Plaintiffs filed an Opposition to the Motion. (ECF # 29.) Defendants filed their Reply in Support of the Motion on

October 2, 2008.  (ECF # 33.)  On November 5, 2008, Plaintiffs filed a Notice of Supplemental Authority in support of their Opposition to the Motion to Dismiss.  (ECF # 35.)  Thus, the Motion to Dismiss has been briefed fully and is now ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of complaint without being subject to discovery.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)").  Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable.  *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

### III. DISCUSSION

As an initial matter, the Court addresses Defendants' argument that Allstate Property and Casualty Insurance Company, Allstate Indemnity Company and Allstate Fire and Casualty Insurance Company should be dismissed from this lawsuit because the contracts in question involve only Allstate Insurance Company. (ECF # 28 at 15-19.) In the Complaint, Plaintiffs allege the following:

> Defendants are related companies that are all within the same Holding Company Group and Insurance Group. Defendants issue or have issued, during the Class period, policy forms that contain terms that are the same or substantially similar to the relevant portions of the named Plaintiffs' policy at issue in this litigation. Defendants' policies and forms were all drafted, and filed and approved for use by each insurer in the same or a similar manner. Defendants hold themselves out or, have at times during the Class period, held themselves out to the public, including its policyholders and other insureds, as "Allstate". Defendants hold themselves out to the public and actually act, or have acted in the past, as a single entity with regard to marketing their products and adjusting claims. There also exists and, at all times herein mentioned, there existed a unity of interest in ownership between the Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter ego of each other and exert control over one another. The unjust and / or inequitable acts of Defendants justify the piercing of the corporate veil of Defendants, based on the unjust and inequitable consequences arising from the retention of the corporate fiction. Upon information and belief, the named Plaintiffs' policy includes the name "Allstate" in several locations. There is also actual and / or apparent agency with respect to the conduct, marketing of policies and resulting contractual responsibilities of each of the Defendant companies on behalf of the other named Defendant companies.

(ECF # 19 at ¶ 11.) Thus, Plaintiffs allege that, even if Allstate Property and Casualty Insurance

Company, Allstate Indemnity Company and Allstate Fire and Casualty Insurance Company were not signatories to the contract, they may be the alter ego of Allstate Insurance Company. (*Id.*) Given Plaintiffs' alter ego theory, they may be able to pierce the corporate veil of Allstate Insurance Company by establishing, *inter alia*, that the control over Allstate Insurance Company was so complete that it had "no separate mind, will or existence of its own." *Belvedere Condominium Unit Owners Ass'n v. R.E. Roark Cos., Inc.*, 67 Ohio St. 3d 274, 275 (1993). As such, Plaintiffs may proceed with their claims against Defendants Allstate Property and Casualty Insurance Company, Allstate Indemnity Company and Allstate Fire and Casualty Insurance Company at this time.

Having resolved that issue, the Court now examines Defendants' Motion as it applies specifically to each count of the Complaint.

### A. Count I: Breach Of Contract

In Count I of Plaintiffs' Second Amended Class Action Complaint, Plaintiffs allege that Defendants entered into standard form motor vehicle insurance policies with them, which required Defendants to, *inter alia*, reimburse Plaintiffs for loss of wages or salary because of attendance at hearings or trials at Defendants' request, in addition to other reasonable expenses incurred at Defendants' request. (Compl. at ¶ 40.) Plaintiffs claim that Defendants breached the terms of their agreements by failing to reimburse them as required by the contracts. (*Id.* at ¶¶ 41-43.)

In their Motion to Dismiss, Defendants argue that Plaintiffs fail to allege the elements of a breach of contract claim. (ECF # 28 at 5-9.) In particular, Defendants assert that, unless and until Plaintiffs provide notice and make a demand for the reimbursement, Defendants have no

duty to perform under the contracts.  (*Id.* at 8.)  Defendants claim that Plaintiffs fail to set forth facts demonstrating that they satisfied their clear contractual obligation to notify them of the expenses allegedly incurred.  (*Id.*)  On this basis, Defendants urge the Court to dismiss Plaintiffs' breach of contract claim.  (*Id.*)

In response to the Motion to Dismiss, Plaintiffs argue that there is no requirement in the "Additional Payments" provision that "even remotely suggests" that a claim or demand must be present before the covered litigation expenses will be repaid.  (ECF # 29 at 4.)  Plaintiffs assert that:

> [r]equiring such a formality would make little sense given that the expenses were incurred at the direction of either Defendants or the attorneys who had been retained by the carrier to defend the underlying lawsuits.  To the extent that such a condition does exist, the mere filing of the instant Class Action Complaint is more than sufficient to alert Defendants that their insureds would now like to finally received [sic] the benefits which are due to them under subsection 1 of the Additional Payments Allstate Will Make provision.

(*Id.* at 5.)  Because Plaintiffs claim to have alleged full compliance with the policy terms and conditions, they request denial of the Motion to Dismiss.  (*Id.* at 7-8.)

In order state a claim for breach of contract under Ohio law, Plaintiffs must establish the existence and terms of a contract, their performance under the contract, Defendants' breach of the contract, and damage or loss to them.  *See Samadder v. DMF of Ohio, Inc.*, 798 N.E.2d 1141, 1147 (2003).  In this case, Plaintiffs allege that Defendants entered into insurance contracts with them and members of the putative class, which obligated Defendants to pay Plaintiffs and members of the putative class for loss of wages and salary, as well as travel-related expenses and postage.  Plaintiffs allege to have satisfied all conditions precedent to such payment, but maintain that Defendants have nevertheless breached such contracts by failing to pay for loss of wages and

-6-

salary, travel-related expenses, and postage. Because Plaintiffs have provided Defendants with fair notice of this claim and the grounds upon which it rests, they have satisfied the liberal notice pleading requirements set forth in Federal Rule of Civil Procedure ("Rule") 8. *See Smith v. Salem*, 378 F.3d 566, 577 (6th Cir. 2004).

With respect to Defendants' argument that Plaintiffs failed to comply with the notice provisions and thus failed to comply with conditions precedent to the contracts, under Rule 9(c), Plaintiffs' general averment that all conditions precedent have been satisfied is sufficient at this stage of the litigation. *See, e.g., Johnson v. Geico Gen. Ins. Co.*, No. 08-80740-CIV, 2008 WL 4793616, at *2 (S.D. Fla. Nov. 3, 2008) ("[T]he Court concludes that by pleading 'all conditions precedent' have been met, the Complaint adequately alleges a breach of contract claim."). Hence, the Court shall not dismiss the breach of contract claim on this basis.

### B. Count II: Bad Faith And Breach Of The Covenant Of Good Faith And Fair Dealing

Under Ohio law, because a fiduciary relationship exists in the context of insurance contracts, the insurer has a duty to act in good faith in handling the claims of the insured. *See Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 275 (1983). Accordingly, the insured may pursue a bad faith tort claim against the insurer. *See id.*

In the Motion to Dismiss, Defendants argue that Plaintiffs' claim fails because Plaintiffs do not allege that they made a request for payment. (ECF # 28 at 11.) As set forth in the previous subsection of this Opinion and Order, Plaintiffs generally aver that they have satisfied all conditions precedent to the insurance contracts. Such an averment is sufficient at this stage of the litigation. Accordingly, the Court finds that Defendants' Motion to Dismiss on this basis is without merit.

### C. Count III: Unjust Enrichment/Quantum Meruit

In Ohio, unjust enrichment occurs when a person "has and retains money or benefits which in justice and equity belong to another." *Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 286 (2005). Restitution is available as a remedy for unjust enrichment when the following factors are established: (1) a benefit is conferred by a plaintiff on a defendant; (2) the defendant knows about the benefit; and (3) the defendant retains the benefit under circumstances where it is unjust to do so without payment. *See Hambleton v. R.G. Berry Corp.*, 12 Ohio St. 3d 179, 183 (1984). A claim for unjust enrichment is not recognized, however, when the transaction is subject to an express written contract. *See Astaldi-Ice v. Robbins Co.*, No. 1:07 CV 758, 2007 WL 2323614, at *2 (N.D. Ohio Aug. 7, 2007).

Although pleading an unjust enrichment claim in the alternative may be permitted if the existence of the express contract is in dispute, *see id.*, there exists no such dispute in the instant case. Because there is no question that an express written contract between Plaintiffs and the putative class members and Defendants exists covering the payment obligations in question, an unjust enrichment claim is precluded, and Defendants' Motion to Dismiss this case is meritorious.

### D. Count IV: Declaratory Relief

In reviewing Plaintiffs' request for declaratory relief, the Court finds that Count IV of the Complaint does not contain an independent cause of action. To the contrary, Count IV asserts entitlement to a remedy, should Plaintiffs prevail on their substantive claims. As such, the Court will consider the request for equitable relief set forth in Count IV if and when Plaintiffs establish their right to relief under a substantive claim. *See e.g., In re Rospatch Sec. Litig.*, 760 F. Supp.

1239, 1265 (W.D. Mich. 1991).

## IV. CONCLUSION

Based upon the foregoing, Defendants' Motion to Dismiss is DENIED IN PART and GRANTED IN PART.  (ECF # 28.)  More specifically, Defendants' Motion to Dismiss Count I (breach of contract) and Count II (bad faith and breach of the covenant of good faith and fair dealing) is DENIED.  To the contrary, Defendants' Motion to Dismiss Count III (unjust enrichment/quantum meruit) and Count IV (declaratory relief) is GRANTED.

IT IS SO ORDERED.

                                             */s/ Donald C. Nugent*
                                             DONALD C. NUGENT
                                             United States District Judge

DATED:  December 1, 2008